Case 4:13-cv-00144-A Document 7 Filed 05/07/13 Page 1 of 10

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 7 2013

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-144-A |
| | § | (NO. 4:10-CR-147-A-1) |
| JAIME ARTURO ARGUETA-LOPEZ | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jaime Arturo Argueta-Lopez ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background

Movant pleaded guilty, without a plea agreement, to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 96 months imprisonment, which was above the guideline range of 46 to 57 months, and five years of supervised release. The Fifth Circuit affirmed his conviction and sentence, United States v. Argueta-Lopez, 444 F. App'x 773 (5th Cir. 2011), and certiorari

review was denied, <u>Argueta-Lopez v. United States</u>, 132 S. Ct. 1600 (Feb. 21, 2012). Movant timely filed his section 2255 motion, the government filed a response, and movant filed a reply.

II.

<u>Grounds of the Motion</u>

Movant identified three grounds for relief in his motion: (1) counsel was ineffective in advising movant to plead guilty; (2) counsel was ineffective in failing to advise him about the "fast track program" and failing to "move the court" under United States Sentencing Guidelines ("USSG") § 5K3.1; and (3) counsel was ineffective for failing to move for a downward departure "under cultural assimilation benefit(s)." Mot. at 5-8.

III.

<u>Analysis</u>

A.   <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude

2

only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different.

3

Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

    1.   Movant's Guilty Plea

Movant contends that counsel advised him that he would receive no more than 46 to 57 months imprisonment if movant pleaded guilty, that movant was not made aware of any sentencing enhancements that he believes caused him to be sentenced to 96 months imprisonment, and that movant would have gone to trial

4

rather than plead guilty if he had known that his sentence could be 96 months. However, movant's contentions are contradicted by the record, which reflects that movant fully understood the potential consequences of entering a plea of guilty.

For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record reflects that movant made assurances to the court in both his factual resume and his testimony under oath at his

rearraignment hearing that he understood the potential ramifications of pleading guilty. The factual resume, signed by movant on September 10, 2010, provided that the court could impose a penalty on movant of up to twenty years imprisonment. At movant's rearraignment, he testified that he had read the factual resume, discussed it with his attorney, and understood "exactly what it said." Rearraignment Tr. at 16-17. The court asked movant whether he understood that if he pleaded guilty, he would be subjecting himself to a term of imprisonment of twenty years and various additional punishments, to which movant replied, "Yes, sir." Id. at 19-20. Also at the rearraignment hearing, movant assured the court that he understood that the sentencing guidelines were advisory only and the court could sentence him above or below the guidelines, that he "should never depend or rely upon any statement or promise by anyone . . . as to what penalty will be assessed," and that if he pleaded guilty and received a sentence more severe than he had hoped, he would not be able to withdraw the guilty plea. Id. at 7, 9-10, 12, 20. The conclusory and self-serving statements contained in movant's § 2255 motion cannot overcome the strong presumption of truth accorded to his statements in court and signed plea documents, and, accordingly, movant cannot establish that counsel was ineffective in advising movant to plead guilty.

2. <u>Fast-Track Program</u>

Movant next argues that his attorney was ineffective for failing to move for a four-level downward departure pursuant to USSG § 5K3.1, which provides:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

USSG § 5K3.1. Movant contends that he was prejudiced due to his attorney's failure to make such a motion; however, movant's contentions are meritless. As the government points out, at the time of movant's sentencing, the Attorney General had not authorized a fast-track program in the Northern District of Texas. <u>See</u> www.justice.gov/dag/fast-track-program.pdf; <u>Serna-Camacho v. United States</u>, No. A-12-CV-963 LY, 2013 WL 1855778 at *2 (W.D. Tex. May 1, 2013). Further, "[t]he prosecutorial discretion granted to the Attorney General regarding whether and where to establish fast track programs dictates whether a defendant has an opportunity to be offered early disposition under a fast track program." <u>United States v. Gomez-Herrera</u>, 523 F.3d 554, 561 (5th Cir. 2008). Thus, there is nothing to indicate that movant could have had his case disposed of pursuant to a fast-track program. In addition, even if movant's attorney had persuaded the government to move for a downward departure

7

under § 5K3.1, the record clearly reflects that the court would not have considered granting such a motion, as the court had concluded that movant was a "determined recidivist" and, therefore, an upward variance was necessary. Accordingly, movant can show neither cause nor prejudice, and cannot satisfy the burden of Strickland.

3. Downward Departure for Cultural Assimilation

Movant contends that his attorney was ineffective when he "failed to move the district court under cultural assimilation benefit(s)" because movant's "offense conduct was motivated solely by his exceptional cultural and family ties to this country." Mot. at 8. Application note 8 to USSG § 2L1.2 provides that there are some "cases in which a downward departure may be appropriate on the basis of cultural assimilation," and that the court should consider various factors, such as the age in childhood when the defendant began living continuously in the United States, the duration of residence in the United States, nature and extent of ties to the United States, and the seriousness of the defendant's criminal history. USSG § 2L1.2 cmt. n.8.

Despite movant's contentions, the record reflects that his attorney did argue, both in the sentencing memorandum and at the sentencing hearing, that this departure was appropriate in

8

movant's case. Movant's attorney explained to the court that movant had come to the United States from El Salvador with his family at the age of three, had attended school in the United States, had little or no ties to El Salvador, had a wife and child in the United States, and had returned to the United States illegally because his wife was going through a difficult pregnancy and he wanted to be there for his family. Sentencing Tr. at 11-13. However, the court noted movant had a "terrible" criminal past, was a "determined recidivist" who had evidenced a "disrespect for the law," and that a sentence above the guideline range was required to adequately and appropriately address movant's criminal conduct. Id. at 14-15. There is no indication that the court would have considered any kind of downward departure, and the fact that movant's attorney could not persuade the court that movant's family ties and circumstances warranted a lower sentence is insufficient to establish ineffective assistance of counsel. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Jaime Arturo Argueta-Lopez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 7, 2013.

_____
JOHN McBRYDE
United States District Judge